NO. PD-0873-15

| RICHARD LEE MAZA | § | IN THE COURT OF |
| | § | |
| VS. | § | CRIMINAL APPEALS |
| | § | |
| STATE OF TEXAS | § | OF TEXAS |

## SECOND MOTION TO EXTEND TIME TO FILE PETITION FOR DISCRETIONARY REVIEW

**TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:**

Now comes Richard Lee Maza, Appellant in the above styled and numbered cause, and moves for an extension of time of 19 days to file a petition for discretionary review, and for good cause shows the following:

1.      This court granted a motion to extend the time in this case to August 12, 2015. Maza's counsel Bob Mabry submitted a Petition for Discretionary Review on that date to its e-filing provider File and ServeXpress, but it appears that the File and ServeXpress did not get it to the clerk of this court until early the next morning. Mabry was advised by an assistant clerk on August 17, 2015 that this filing had been rejected for failure to conform to the Texas Rules of Appellate Procedure. It appears that an earlier draft of the petition was sent to File and ServeXpress instead of the final draft, and the final draft had been lost. These were technical computer problems per Texas Rule of Appellate Procedure.9.2(c)(5).

2.      I file this motion with the First Amended Petition for Discretionary Review.

3.      This is what I did between finding out I had to resubmit the petition and now when I file the petition. I am a solo practitioner with no legal assistant. I have

received no fees from any source during this period. A deposit I received Friday will be credited to my business account tomorrow. Though this case is a retained case, I have not received any payment on it in months if not more than a year. All but two of the clients I have worked for are appointment clients, and those two have not yet paid me any fees. I have missed two traffic court appearances of mine, because I had no money and I had too many client responsibilities, especially including this case. I hope that this justifies the delay.

| | |
|---|---|
| August 17, 2015 | I received the call the same afternoon in which I had a pre-trial setting in *State v. Maner* in the Montgomery County Court at Law Five. A side effect of some medications I have been prescribed for some chronic health problems I have had a side effect of fatigue, which greatly increases my need for sleep. At this time, I was going to bed near 8:30 PM, so that I might be at the office or court at 8 or 9 AM. |
| August 18, 2015 | I went to my doctor's nurse-practitioner in Houston, to get my prescriptions refilled and to get advice on how to sleep less. One of the medications I take has a greater side-effect of sleepiness than the others. I have only taken one tablet of this medication since this medical appointment, where I had been taking three tablets a day before. The trip to and from my doctor's takes more than three hours round trip. This was also the day that I learned that my earlier final version was lost. Additionally, I spent approximately four and a half hours finishing a final deadline brief in *Johnson v. State*, due the next day in the Ninth Supreme Judicial District. They were disinclined to grant me a second extension, because the case was so simple: appealing a denied motion to suppress. I also had to prepare for two hearings the next day, one in the 9th Judicial District Court, the other in the 359th Judicial District Court. |
| August 19, 2015 | My morning hearing was *State v. Wittgren* in the 9th District Court. I spent approximately an hour and three quarters working on the hearing and speaking to a family member of his on the phone. Wittgren was extradited out of New York state. My afternoon hearing was *State v. Bockman* in the 359th District Court. I spent approximately six and three quarter hours finishing the *Johnson* brief due that day. The next morning I would have five clients' settings in the 9th District Court. |

| | |
|---|---|
| August 20, 2015 | Appearances in *State v. George, State v. Hickman, State v. Marek, State v. Woods* and *State v. Glawson* (Retained counsel substituted in for me in *Glawson* at this setting.). I spoke with one client's relative on the phone for about an hour and a quarter, and another's for about 40 minutes. I spent about 20 minutes on this case. I also processed email and snail mail. |
| August 21, 2015 | I did follow up on the *Johnson* case I wrote of before. I had a two hour phone conference with a new appointed client. About an hour and a half was taken up working with a hard-to-fine witness in a case with a short hearing deadline. |
| August 22, 2015 | I was sick this day— a Saturday—, and spent nearly all of it in bed. |
| August 23, 2015 | Also I was still not well, I set up forms for this case and worked on four others on this Sunday. |
| August 24, 2015 | This was the deadline for an application for a pretrial writ of habeas corpus for bond reduction. I had also set a telephone appointment with an out-of-state public defender before the problem with this case. This public defender was defending an appointed client of mine in another matter. He and I spoke for three quarters of an hour. I helped 12 other people that day, all of whose matters were urgent. |
| August 25, 2015 | I appeared in an out-of-town justice of the peace for a traffic ticket of my own— it took three and a half hours. Three urgent jail conferences this day, and additionally I spent two more hours working for one of those clients who is set for a motion to adjudicate on August 28. |
| August 26, 2015 | A morning hearing, *State v. Sutton.* An hour and 20 minutes in jail with the client with the motion to adjudicate on August 28. I was also told by a Montgomery County assistant district attorney that a case from which I had told I had been replaced in March never had a new attorney and that this case was set for trial in about three weeks— *State v. Sandoval.* I spent about an hour and 20 minutes working on this case— Maza. |
| August 27, 2015 | Three hours of preparation for the motion of adjudication hearing— in that time, the State dismissed the motion, but the court requires me to appear on the case the next morning. Sandoval's case takes about an hour and a quarter. |
| August 28, 2015 | The motion for adjudication case takes two hours. Eight other clients had urgent problems. |
| August 29, 2015 | I spend this Saturday— my wedding anniversary— at the office working through a pile of papers on my desk and preparing for a conference with a client facing 25 years to 99 or life for which the initial plea offer is 40 years.. |
| August 30, 2015 | I worked on the brief and this motion for approximately four and a |

| | half hours. On this day, three of my wife's cousins— an adults and two children, one child aged five, the other 11— started to move into our home. |
|---|---|

3.      Defendant is currently incarcerated.

**WHEREFORE, PREMISES CONSIDERED**, appellant respectfully requests an

extension of 19 days, i.e. until August 31, 2015, to file a petition for discretionary review.

Respectfully submitted,

Bob Mabry, Attorney at Law, PLLC
304 North Main Street #6
Conroe, Texas 77301-3002
(936) 228-7796
Fax 1-866-394-3113

By: /s/ Bob Mabry
     Bob Mabry
     State Bar No. 12750980
     mabry.bob@gmail.com
     Attorney for Richard Lee Maza

**UNSWORN DECLARATION UNDER PENALTY OF PERJURY**

My name is Bobby Scott Mabry, my date of birth is October 2, 1958, and my address is 304 North Main Street #6, Conroe, Texas 77301-3002, United States of America. I declare under penalty of perjury that the facts in the foregoing are true.

Executed in Montgomery County, State of Texas, on the 31th day of August 2015.

/s/ Bob Mabry
Declarant

**CERTIFICATE OF SERVICE**

This is to certify that on August 31, 2015 true and correct copy of the above and foregoing document was served on the District Attorney's Office, San Patricio County, P.O. Box 1393 Sinton, TX 78387, by fax to (361) 364-9490 after 5 PM Central Daylight Time.

/s/ Bob Mabry
Bob Mabry